[No. 4781.   Decided March 1, 1904.]

OUDIN & BERGMAN FIRE CLAY MINING AND MANUFACTURING COMPANY, *Respondent*, v. THOMAS F. CONLAN *et al., Appellants.*[1]

CORPORATIONS—STOCK—TRUSTEE—DISPOSAL OF STOCK HELD BY. A trustee of a corporation, by a sale of all his stock therein, *ipso facto* ceases to be a trustee, in view of Bal. Code, § 4255, requiring trustees to be stockholders.

SAME—CONTROL OF PROPERTY—STOCKHOLDER'S RIGHT AS AGAINST OFFICERS. A mere stockholder in a corporation has no right to the possession or control of the property as against a trustee who is also an officer.

APPEAL — DISMISSAL — ADMISSION OF APPELLANT — NO CONTROVERSY EXISTING. In an action to enjoin a former trustee and stockholder of a corporation from exercising control over the affairs of the corporation, in which a temporary injunction is granted, an appeal by defendant claiming to be a trustee, will be dismissed on motion on the ground that no controversy exists, where the answer admits that said trustee had sold all of his stock in the corporation, and it is not denied that he had shortly before testified that he was no longer a stockholder and had severed his connection with the corporation.

Appeal from an order of the superior court for Spokane county, Kennan, J., entered April 27, 1903, granting a temporary injunction against interference with the affairs of a corporation. Dismissed.

*Danson & Huneke* and *R. L. Edmiston,* for appellants.

*Thayer & Belt,* for respondent.

[1]Reported in 75 Pac. 802.

PER CURIAM.—Respondent moves to dismiss this appeal on the ground that the controversy between the parties has ceased, as far as matters involved in this appeal are concerned. The suit was brought by the respondent corporation against the appellants to procure an injunction against appellants, preventing them from interfering with respondent's business, from exercising, or assuming to exercise, any control over the affairs of the corporation, or authority over the workmen engaged at respondent's place of business, and from selling, or offering to sell, any of the property of the corporation. It is alleged that, until the 22d day of April, 1903, the entire stock of the corporation was owned as follows: Charles P. Oudin, 1 share; Eva M. Oudin, 749 shares; Thomas F. Conlan, 375 shares; and Martin L. Bergman, 375 shares; that on said 22d day of April said Bergman transferred to said Conlan all of the stock theretofore owned by Bergman; that, until the time of said transfer, said Charles P. Oudin and said Bergman constituted the board of trustees of said corporation, and that said Charles P. Oudin was president and treasurer, and said Bergman was vice-president and secretary of the said board. It is further alleged, that on April 21, 1903, said Bergman resigned his office as vice-president and secretary, and notified the president, who was also the remaining trustee, to that effect; that on the 23d day of April respondent, through its said president, notified said Bergman, who had theretofore been working at the pottery of respondent, that, having severed his connection with respondent, he must forthwith leave the premises of the company and cease to have anything to do with its business; that said Bergman thereupon surrendered peaceable possession of the company's property to said Oudin as the sole representative of the company, and withdrew from the premises, peaceably and without resistance or protest of any kind; that

after said Bergman had peaceably withdrawn, and within a few hours thereafter, he returned to the pottery of respondent with said Conlan; that said Conlan had at no time been either an officer or trustee of respondent, or in any way connected with said corporation, except as a stockholder therein; that said Bergman and Conlan thereupon entered upon respondent's premises, and assumed to assert exclusive control and authority over the premises and property there located, and said Conlan entered in the books of the company a statement to the effect that he thereupon took charge; that since said time said Bergman and Conlan have gone upon the premises of the respondent, and, without right or authority, have assumed to represent respondent, and, against the wishes and without the consent of respondent, have sold and delivered its goods, have exercised control over its workmen, have collected money due to it, have countermanded orders given to the workmen by said Oudin, have disputed the authority of respondent's officers over its workmen, and have induced the workmen to violate such orders; that said acts have been continued since the date above mentioned, are now continuing, and will be indefinitely continued unless restrained. The answer admits the sale and transfer of Bergman's stock to Conlan, but it is claimed that he is still a trustee of the corporation, and that he employed Conlan to assist in the management of the business. A temporary injunction was granted, and the appeal is from the order granting such injunction.

In support of the motion to dismiss, respondent submits the following affidavit:

"Charles P. Oudin, being first duly sworn, on oath deposes and says: I am the president of said respondent, Oudin and Bergman Fire Clay Mining and Manufacturing Company, and make this affidavit upon its behalf, and state that Martin L. Bergman has severed his connection with respondent, and has so admitted in open court under

oath, and, on August 12th, 1903, in a case then pending in the superior court of Spokane county, state of Washington, said Bergman being examined in regard to his connection with respondent, testified as follows:

"'Q. Do you still claim to be a trustee of this company? A. I have never resigned. Q. Do you still claim to be a trustee? A. No, I do not. Q. How much did Mr. Conlan pay you for the quarter interest? Objected to as immaterial. Objection sustained. Q. How much did he pay you for the half interest? Same objection. Objection sustained. Exception. Q. Do you still own any stock in this company? A. No, sir. Q. Have you got any agreement by which you could get stock from Mr. Conlan? A. No, sir. Q. You are absolutely out of it? A. Absolutely out of it. Q. Ceased your connection with the company? A. Except my resignation as secretary and manager. Q. Do you claim to be manager yet? A. No; I do not claim it, but my resignation has not gone in that I know of. Q. You have severed your connection with the company? A. Yes, sir.'"

In response to the above affidavit, and in resistance of the motion to dismiss, appellants submit the following affidavit:

"Martin L. Bergman, being first duly sworn, on oath deposes and says: that he has never resigned nor tendered his resignation as secretary, vice-president and manager of the Oudin & Bergman Fire Clay, Mining & Manufacturing Company; that he has at all times claimed to be such secretary, vice-president and manager and now claims to be such; that when affiant testified on August 12, 1903, as set forth in the affidavit of Charles P. Oudin, all that he intended to say was that he had sold all his stock in said company and was not a stockholder, but that he was still an officer of said company, as above stated; that affiant has been advised by his attorneys that he has at all times been and now is a trustee of said corporation, and claims to be such trustee, and as stated by affiant in said testimony, affiant has never resigned or tendered his resignation as trustee of said company."

It will be observed that Bergman in his affidavit does not deny that he testified as stated in Oudin's affidavit. It is therefore a conceded fact, both in his affidavit and in the answer, that Bergman is not a stockholder in the corporation. He says, however, that he still claims to be a trustee. Not being a stockholder he is no longer a trustee. Our statute, § 4255, Bal. Code, requires that trustees of a corporation shall be stockholders therein.

"Where the charter requires the director to be a stockholder he must continue to hold stock during his term of office. If he sells all his stock in the company he thereby becomes disqualified and ceases *ipso facto* to be a director." 1 Cook, Stock and Stockholders, etc. (3d ed.), § 623.

Again, in Clark & Marshall on Private Corporations, the discussion of this subject in § 661 is concluded as follows:

"According to the better opinion, when the ownership of stock is necessary to qualify one as a director, a person ceases to be a director if he ceases to be a stockholder, without any proceedings to remove him, although he may have owned stock when elected."

Again, in Mr. Thompson's recently prepared and exhaustive treatise of the Law of Corporations, as found in 10 Cyc., the following statement appears at page 738 of said volume:

"Where the statute requires that the members of the board must be holders of at least a given number of shares, a director who assigns all his shares to another, *ipso facto* divests himself of his title to the office, . . ."

The following cases are also in point on this subject: *Chemical National Bank v. Colwell,* 132 N. Y. 250, 30 N. E. 644; *Sinclair v. Dwight,* 9 App. Div. 297, 41 N. Y. Supp. 193; *Orr Water Ditch Co. v. Reno Water Co.,* 17 Nev. 166, 30 Pac. 695.

Within the above authorities Bergman has ceased to be a trustee and is not therefore entitled to exercise any control

over respondent's property.   Conlan, being a mere stock-
holder, has not the right to possession and control of the
property of the company, as against a regularly qualified
trustee, who is also the president of the company.   At the
time of the hearing below, Bergman also claimed to be
manager of the company, but his testimony, set forth in
Oudin's affidavit above, shows that subsequent to said hear-
ing he said he did not claim to be manager.   True, he said
he had not resigned, but he unqualifiedly answered that he
had severed his connection with the company.   It is ad-
mitted that that testimony was solemnly given under oath.
The examination was so direct and simple that its import
could not well have been misunderstood.   Since he is
neither stockholder nor trustee, his connection with the
company is in law effectually severed, and that fact, taken
together with his own statement under oath, we think estab-
lishes that he no longer possesses any power to control the
affairs of the corporation.   There is, therefore, no con-
troversy here to be determined on this appeal.   In such a
case it was held in *Hice v. Orr,* 16 Wash. 163, 47 Pac. 424,
that the appeal should be dismissed.

The motion here is therefore granted, and the appeal is
dismissed.