[No. 4826.   Decided February 9, 1905.]

THE STATE OF WASHINGTON ON THE RELATION OF OUDIN
& BERGMAN FIRE CLAY MINING & MANUFACTURING
COMPANY, *Plaintiff,* v. THE SUPERIOR COURT
FOR SPOKANE COUNTY *et al., Defendants.*[1]

MANDAMUS—CESSATION OF CONTROVERSY.   A writ of mandate to compel the superior court to proceed with the trial of a case, pending an appeal from an interlocutory order, will not be granted where, before the hearing thereon, the appeal was determined, and the trial court only refused to proceed pending said appeal, since the controversy has ceased to exist.

Application for a writ of mandate, filed in the supreme court November 11, 1903, to compel the superior court for

1Reported in 79 Pac. 483.

Spokane county, Kennan, J., to set a cause for trial. Dismissed.

*Thayer & Belt,* for relator.

PER CURIAM.—This is an original application in this court for a writ of mandate, directed to the superior court of Spokane county, and to the Hon. Henry L. Kennan, one of the judges thereof. The affidavit in support of the application recites, that in April, 1903, the relator began an action in the said court, against Thomas F. Conlan and Martin L. Bergman, for the purpose of enjoining them from interfering with the property or business of the relator, and that said court granted a temporary injunction; that, from the order granting the same, an appeal was taken to this court, and that, at the time this application was made, said appeal was pending for hearing; that, after the issuance of the temporary injunction, the issues in the main case were joined, and that the cause was ready for trial; that relator had applied to the said court and said judge to assign the cause for a hearing, and to proceed with the trial, which application was refused, upon the ground that some of the questions which would arise upon the trial of the cause would probably be determined on the above mentioned appeal.

The purpose of this application was to procure a writ of mandate, directing the superior court to proceed with the trial of the main case, notwithstanding the appeal from the temporary injunction. Said appeal has, however, been determined. See *Oudin & Bergman etc. Co. v. Conlan,* 34 Wash. 216, 75 Pac. 798. Since it appears that the only ground of refusal to proceed with the trial was that the court should delay until it could have the benefit of questions that should be decided on the appeal, the controversy has therefore ceased to exist, and the application is dismissed.