The CHIEF JUSTICE
delivered the opinion of the court.
We will consider the errors assigned in the order in which they come before us:
1. The form of the record of a judgment is regulated by the practice of the court in which the action is prosecuted. To make such a record valid upon its face, it is only necessary for it to appear that the court had jurisdiction of the subject-matter of the action and of the parties, and that a judgment had in fact been rendered. All else is form only. The record sued upon in this case did show the existence of these essential facts.
2. A trial by the court without the waiver of a jury is at most only error. A judgment after such a trial is not necessarily void. Mere errors cannot be set up as a defence to an action brought upon it.
3. So far as the defence of payment and satisfaction was made by demurrer to the petition, it is enough to say that it did not anywhere appear in the pleadings, by averment or otherwise, that the value of the property taken under the attachment was sufficient to discharge the entire judgment. *80 On the contrary its appraised value was less than the amount of the judgment. If upon the case made by the pleadings the plaintiff' could recover anything, the demurrer was not well taken. Issue was joined upon the plea presenting the same defence, and upon the trial of that issue it mat’ have been shown that the property had been legally accounted for. In fact, it can be fairly inferred from the record itself, that the property had been restored before judgment to the possession of the defendant, upon the execution of a redelivery bondi It appears affirmatively that after judgment a rule was granted and served upon the sureties on such a bond.
But even if this were not so, it does not. follow that the defence insisted upon was good. A seizure of personal property under an order of attachment issued during the pendency of an action is not necessarily a satisfaction of the judgment when afterwards obtained. Such a seizure is made for the purposes of security and, if the property is retained in the possession of the sheriff, he will be held responsible for the exercise of ordinary care for its preservation. If wasted, lost, or destroyed by his negligence he must account, and the amount for which he is liable on* such account will, when ascertained, be applied toward the satisfaction of any judgment that may have been obtained. To that extent the plaintiff is made responsible for the sheriff, but such an application can only be made upon a proper showing by the defendant. There is no presumption which throws the burden of proof upon the plaintiff. No such showing was made or attempted in this case.
4. The record shows that the action was commenced by attachment and service had by publication. So far the action was in the nature of a proceeding in rem, and would bind only the property attached. But afterwards, as the record also shows, the defendant voluntarily appeared and submitted himself to the jurisdiction of the court. He at first filed a demurrer, then an answer, and finally went to trial upon the issues made by the pleadings. After judgment he moved for a new trial which was overruled. If these *81 statements appearing in the record are true, the court did have jurisdiction of the person of the defendant, and could bind him by a judgment. No evidence was introduced to contradict the record. Its truth is, therefore, presumed.
5. In Christmas v. Russell,* this court held that fraud could not be pleaded to an action in one State upon a judgment in another. With this we are satisfied.
Since the case of Mills v. Duryea,† it has been settled in this court that nil debet is not a good plea to an action upon a judgment in another State.
Judgment affirmed.

 5 Wallace, 304.

 7 Craneh, 481.