[No. 5995. Decided February 9, 1906.]

## C. M. Miller, *Appellant,* v. The City of Seattle, *Respondent.*[1]

Appeal—Dismissal—Cessation of Controversy—Enactment of Ordinance Providing for Payment—Costs. Where, after an appeal from the dismissal of an action to recover an excessive assessment, the city passed an ordinance providing for repayment of the assessment, the appeal will be dismissed, with costs to the appellant, on the ground that the controversy has ceased.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 6, 1905, in favor of the defendant, denying a petition for a writ of mandamus to compel the return of a pro rata portion of the excess of a local improvement fund, upon sustaining a demurrer to the affidavit. Appeal dismissed.

*C. M. Miller,* for appellant.
*Scott Calhoun,* for respondent.

Root, J.—The city of Seattle levied a special assessment to pay for paving certain streets. When the work was completed, it was ascertained that said assessment produced an excess of about $19,000 over and above what was necessary to fully pay the cost of the improvement. Appellant was one of the owners of property specially assessed. He instituted this proceeding to compel the city, by mandamus, to refund to him the pro rata portion of said excess which should come to him. The trial court sustained a demurrer to his complaint, on the ground that the action was not commenced

[1]Reported in 84 Pac. 583.

within the time required by the city charter, and the proceeding was dismissed. From the judgment of dismissal an appeal was taken. After the appeal had been perfected, the respondent city duly enacted an ordinance, wherein and whereby it was provided that all property owners within the district covered by the assessment referred to should be entitled to receive their pro rata portion of the excess on hand.

Respondent moves to dismiss the appeal herein, (1) for the reason that the amount involved is less than $200; (2) for the reason that the controversy, on account of the enactment of said ordinance, has ceased. Appellant urges that the last ground is not well taken, for the reason that the city cannot pay him under this ordinance as long as the judgment of the lower court remains unreversed. We do not think this position tenable. By passing the ordinance referred to, the city acknowledged its obligation to pay appellant and all other property owners within said district the amounts respectively which they had paid in excess of what was necessary to do the work. Having so done, and then having moved to dismiss this appeal upon the ground that the effect of said ordinance was to provide payment and satisfaction of appellant's claim, the city would be estopped to hereafter deny its obligation to pay appellant said amount. We think the appeal must be dismissed upon the second ground mentioned.

This disposition necessitates our consideration of the question of costs. It appears that this appeal was taken prior to the passage of the ordinance wherein and whereby the city made provision for the payment of appellant's claim. We think appellant is entitled to such costs as he incurred up to the date that said ordinance was approved by the mayor, to wit, December 28, 1905. The appeal will be dismissed, and costs in this court taxed in favor of appellant.

Mount, C. J., Crow, Hadley, Dunbar, and Rudkin, JJ., concur.