[No. 6777.  Decided December 6, 1907.]

NELLIE KELSO *et al.*, *Respondents*, v. AMERICAN INVESTMENT & IMPROVEMENT COMPANY, *Appellant*.[1]

APPEAL—DISMISSAL—MOTION—STATEMENT IN BRIEFS.  Where a motion to dismiss an appeal was filed before briefs were served, calling attention thereto in the briefs, in a conspicuous place, is sufficient notice that the motion will be urged at the hearing, without setting the same out in the brief.

SAME—CESSATION OF CONTROVERSY—AFFIDAVITS—SUPPLEMENTAL RECORD.  A motion to dismiss an appeal because of the cessation of the controversy may be supported by affidavits containing copies of parts of the record below, which need not be brought up by supplemental record, where the affidavit is undenied.

SAME—TEMPORARY RECEIVERSHIP.  An appeal from an order appointing a temporary receiver will be dismissed because of the cessation of the controversy, where it is shown that, pending the appeal, the case had been tried on its merits and the temporary receivership superseded by a permanent receivership.

[1]Reported in 92 Pac. 673.

Appeal from an order of the superior court for King county, Albertson, J., entered January 19, 1907, appointing a temporary receiver, after a hearing before the court without a jury. Appeal dismissed.

*Hammond & Hammond* and *Blaine, Tucker & Hyland,* for appellant.

*Roberts & Hulbert,* for respondents.

HADLEY, C. J.—This appeal is from an order appointing a temporary receiver. The appeal is prosecuted by the American Investment & Improvement Company, a corporation, for whom the temporary receiver was appointed. The respondents have moved to dismiss the appeal on the ground that the controversy involved in the appeal has ceased. The facts upon which the motion is based are that, since the appeal was taken, the trial court has tried the cause upon its merits, and has entered final judgment whereby the temporary receivership was discontinued and was superseded by a permanent receivership.

The appellant has moved to strike the above-mentioned motion of respondents, together with the affidavit and exhibits thereto attached. The first ground urged for striking is that the motion is not set out in respondents' brief. The motion, affidavit, and exhibits were duly served on the 31st day of July, 1907, and were filed in this court August 2, 1907. It is true they were on separate paper and under separate file from the brief, but in the brief of respondents afterwards filed, attention is called, under a conspicuous heading, to the motion, with a statement of reasons in support of it. This was sufficient notice that the motion would be urged at the time the cause was regularly assigned for hearing upon the calendar, and was, in essential effect, the equivalent of formally setting out the motion in the brief.

The next point urged in favor of striking respondents' motion to dismiss is that it is based upon certain proceedings of the court below, the records of which have not been certi-

fied.    Appellant cites Bal. Code, § 6513, and argues that it requires that matter in support of a motion to dismiss an appeal, upon other than jurisdictional grounds, must be brought to the attention of this court by a supplemental record.    It is true a respondent may, under such statute, have a supplemental record certified, but it is not provided that a motion to dismiss an appeal may not be supported by affidavit containing a copy of the record as a part of the affidavit.    Such an affidavit, undenied when the other party has opportunity to deny it, is, we think, ample support for a motion to dismiss, if the record it sets up warrants a dismissal.    If such an affidavit were denied and a conflict should thereby arise as to the contents of the record, this court would doubtless then require a certification of the record.    The motion to dismiss is supported by the affidavit of John W. Roberts, and the affidavit contains full copies of the findings of facts, conclusions of law, and the final decree of the court after trial, showing that the temporary receivership has ceased and that a permanent receiver has been appointed.    The affidavit not being denied, it is sufficient for the reasons heretofore stated to challenge our consideration.    Appellant's motion to strike the motion to dismiss the appeal is therefore denied.

We think the motion to dismiss the appeal is well taken, the appeal being from an order appointing a temporary receiver, and such a receivership being no longer in existence, the controversy involved in the appeal has ceased.    This court has uniformly refused to entertain appeals where the controversy has ceased pending the appeal, and mere questions of cost and expense will not be considered.    The motion to dismiss the appeal is granted.

MOUNT, DUNBAR, ROOT, and CROW, JJ., concur.

FULLERTON and RUDKIN, JJ., took no part.