[No. 7171. Decided September 22, 1908.]

NATIONAL SURETY COMPANY, *Appellant*, v. H. M. STEPHENS, *Respondent*, GEORGE H. COLLIN *et al., Defendants.*[1]

APPEAL—DISMISSAL—CESSATION OF CONTROVERSY. An appeal from a judgment dismissing an action to enjoin the issuance and payment of county warrants will be dismissed, where it is made to appear by affidavit before the hearing that the warrants had been issued and paid, there having been no temporary injunction in the case; since the controversy has ceased.

Appeal from a judgment of the superior court for Spokane county, Warren, J., entered August 6, 1907, upon findings in favor of the defendant, after a trial before the court without a jury, dismissing an action for an injunction. Appeal dismissed.

[1]Reported in 97 Pac. 449.

*E. C. Macdonald* and *Donald F. Kizer*, for appellant.

*R. M. Barnhart, J. Stanley Webster*, and *H. M. Stephens*, for respondents.

HADLEY, C. J.—This action was brought to enjoin the issuance and payment of certain warrants by the officials of Spokane county. The defendants are respectively the members of the board of county commissioners and the auditor and treasurer of said county. The plaintiff is a surety company, and is the surety upon the several official bonds of the above-named officials. The complaint avers that the county commissioners passed a resolution whereby the sum of $5,000 was appropriated from the moneys of Spokane county to aid in paying the expenses and fees in a certain case then pending before the Interstate Commerce Commission of the United States, wherein the city of Spokane, the chamber of commerce of Spokane, and the Spokane Jobbers Association were complainants, and several railway companies were defendants; that thereafter the board of county commissioners entered into a written contract with H. M. Stephens, an attorney residing in Spokane, whereby it was agreed in behalf of Spokane county to pay Stephens $5,000 as fees for his professional services as attorney for the plaintiffs in the proceeding before the Interstate Commerce Commission, and that the board thereupon ordered the county auditor to issue to Stephens a warrant for the sum of $5,000. The complaint shows that, by order of the board of county commissioners, application was made in behalf of Spokane county for leave to intervene in said Interstate Commerce proceeding, and that the county was in that manner admitted as a party thereto. It is, however, alleged that the county was not a proper or necessary party, for the reason that the proceeding was for the purpose of effecting a reduction of railway rates to the city of Spokane and other points in the county, but that the county as such had no interest therein. It is

alleged that the defendant county auditor and county treasurer, respectively, threaten to issue and pay a warrant for the above-named sum, and that they will do so unless restrained. An injunction was asked against all the defendants.

Stephens filed a petition of intervention, alleging that the Interstate Commerce proceeding was one of great importance to all the people of Spokane county, that he had rendered extensive and valuable services therein, and that much more work was required in pursuance of the contract. He claimed that he was entitled to the issuance and payment of a warrant or warrants for the contract amount. The cause came on for trial, and such proceedings were had that a judgment was entered to the effect that the plaintiff shall take nothing by the action, and that the defendants and the intervener shall recover their costs. The plaintiff has appealed.

The record does not disclose that any restraining order, temporary or otherwise, was ever issued in the action. The purpose of the action was to enjoin the issuance and payment of a warrant or warrants for an aggregate sum, and the respondents have moved to dismiss the appeal on the ground that the controversy has ceased. The affidavit in support of the motion shows that the proper officers of Spokane county have caused warrants to issue in conformity to the aforesaid contract in the aggregate sum of $5,000; that in due course of business, the warrants were called for payment by the county treasurer, and that the same have been paid and the amount thereof has been received in cash by Stephens. These facts are not controverted by the appellant, and it therefore appears that the respondents, not being under the prohibition of any injunction, proceeded to the issuance and payment of the warrants, notwithstanding the pendency of the appeal. We think it clear that there is now no controversy, since the very thing the action sought to prevent has been accomplished.

Under the uniform rule of this court, the appeal must be dismissed, and it is so ordered.

RUDKIN, FULLERTON, ROOT, CROW, and MOUNT, JJ., concur.