THE STATE ex rel. ADOLPHUS S. PEPER v. CHARLES W. HOLTCAMP, Judge of Probate Court.

In Banc, June 7, 1911.

1. NINE-JURY LAW: Constitutional Amendment: Applies to All Cases. The constitutional amendment of 1900, providing that "in the trial by jury of all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict," must be taken to mean just what it says. The language is clear and no limitation or exception is expressed or implied. It applies to all civil cases wherein there was at the time of its adoption a right to a trial by jury, whether the right was given by common law or by statute.

2. ———:. Trial by Jury: As Heretofore Enjoyed: Common Law Juries. The words of the Constitution declaring that "the right of trial by jury as heretofore enjoyed, shall remain inviolate" do not apply only to common law juries. "Hereto-

State ex rel. v. Holtcamp.

fore" means before and up to the time of the adoption of the Constitution. They mean that in all cases in which a right to a jury existed prior to that time, it still exists.

3. ———: Constitutional Amendment: Insanity Inquiry in Probate Court. The right of trial by jury in insanity proceedings had existed for at least fifty years prior to the adoption of the present Constitution, and since the adoption of the amendment of 1900 a verdict may be rendered in the probate court by . nine of the twelve jurors therein concurring, adjudging an individual insane.

4. ———: ———: Insanity Inquiry: Civil or Criminal: Civil Action. An insanity inquiry is not a criminal case. It involves no question of public wrong. It is a proceeding to protect the private rights of the individual in his property and person. Within the meaning of the words used in the constitutional amendment of 1900, providing that "in the trial by jury of all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict," it is a civil case. And that must be the ruling whatever may be the distinction between a "civil case" and a "civil action."

Certiorari.

Writ quashed.

*Henderson, Marshall & Becker* for relator.

(1) The proceedings of the probate court are null and void because the verdict was signed by only ten of the jurors. Sec. 474, R. S. 1909, provides that inquiries of this character shall be "inquired into by a jury." This means that the verdict of the jury must be unanimous. Sec. 28, art. 2, of the Constitution allowing a three-fourths verdict of the jury "in all civil cases" has no application to cases of this character. An inquiry into the sanity of a person is not "a civil action." A civil action is one which has for its object the recovery of private or civil rights or of compensation for their infraction. It means actions in which the plaintiff seeks to redress wrongs. that have been done by the defendant. The term civil action has a distinct and well-defined meaning in the law. 1 Cyc. 732; 1 Am. and Eng. Ency. Law (2 Ed.), 578. (2) No right of trial by jury in any insanity

proceeding exists at common law, and none such ex-isted in Missouri until conferred by statute. 24 Cyc. 132; State ex rel. v. Baird, 47 Mo. 301; Kiehne v. Wessell, 53 Mo. App. 669. In England the right of trial by jury has never been an absolute right. Prior to the English lunacy act of 1853 (16 and 17 Vict., chap. 70, and sec. 8 of the Act of 1862, 25 and 26 Vict., chap. 86) which entitled an alleged lunatic to demand a jury trial, the right of trial by jury in in-sanity cases did not exist at all. Archibald's Lunacy (4 Ed.), p. 132, sec. 90. Even under the English lunacy act the judge may refuse the request of the defendant for a jury, if satisfied that the alleged lunatic is not competent to form and express a wish for an inquiry before a jury. Archibald's Lunacy, sec. 91, p. 133. (3) The constitutional provisions relating to trial by jury (sec. 28, art. 2, and sec. 22, art. 2, Missouri Con-stitution) do not apply to insanity proceedings, be-cause such proceedings are neither a civil action nor a criminal prosecution. The Iowa Constitution is like the Missouri Constitution in respect to the right of trial by jury being inviolate in civil cases, and in respect to the right of trial by an impartial jury in criminal prosecutions, and it has been held in that State that those constitutional provisions do not en-title a person charged with being insane to the right of trial by jury. In re Breese, 82 Iowa, 573; Black-hawk Co. v. Springer, 58 Iowa, 417; Chavaness v. Priestly, 80 Iowa, 316.

*Stewart, Bryan, Christie & Williams* for respond-ent.

(1) In a trial by jury of all "civil" cases in courts of record, three-fourths of the members of the jury concurring, may render a verdict. Const. of Mo., art. 2, sec. 28. (2) This is a "case." (a) "When-ever any claim or contention takes such form that the judicial power is capable of acting upon it, then it

has become a 'case' or 'controversy.'" Smith v. Adams, 130 U. S. 167. (b) The words "case" or "cause" have a well-settled and defined meaning at law. In Black's Law Dictionary the word "case" is defined thus: "The primary meaning of 'case' or 'cause,' when applied to legal proceedings, imports a state of facts, which furnishes occasion for the exercise of the jurisdiction of a court of justice. In its generic sense the word includes all causes, special or otherwise." (c) "A 'case' is a contested question before a court of justice, a suit or action, a cause, a state of facts involving the question for discussion or decision, especially a cause or suit in court." Barnett v. County Court, 111 Mo. App. 699; State ex rel. v. Denton, 128 Mo. App. 312. (d) The word "case" has a more extended meaning than the word "action," and includes all states of fact which furnish grounds for applications for divorce, certiorari, mandamus, habeas corpus, application for orders for the support of relatives, prohibition, quo warranto, proceedings to disclose the assets of an estate, proceedings to declare persons insane, and all special proceedings of every kind which call for the exercise of the jurisdiction of a court of justice. Carpenter v. Jones, 121 Cal. 362; Eckerle v. Dood, 95 Mo. App. 385; State ex rel. v. Riley, 203 Mo. 175; State ex rel. v. Denton, 128 Mo. 304; Haynes v. County Court, 135 Mo. App. 113; Jessup v. Jessup, 7 Ind. App. 873; Aldrich v. Providence; 15 R. I. 613; In re Reynolds, 20 Fed. 592; Ex parte Milligan, 4 Wall. 2; Gold v. Railway, 19 Vt. 484; Kundolf v. Thulheimer, 12 N. Y. 596. (3) It is also a "civil case." (a) In Black's Law Dictionary "civil case" is defined as follows: "Civil cases are those which involve disputes or contests between man and man, and which only terminate in the adjustment of the rights of plaintiffs and defendants. They include all cases which cannot legally be denominated 'criminal cases.'" State ex rel. v. Riley, 203 Mo. 186; Adams v. Ashby, 5

Ky. 96; Montee v. Com., 26 Ky. 132; Applegate v. Com., 46 Ky. 12. (b) Insanity involves no wrong, nor does the law impose any punishment for the affliction. A proceeding to adjudge a person insane is in no sense a criminal proceeding. It is not a case in which he is adjudged at fault, and for which there is a forfeiture of liberty or property, but it is only a method by which the public discharges its duties to a citizen. County v. Springer, 58 Iowa 417; Chauvennes v. Priestly, 88 Iowa 320; Jessup v. Jessup, 7 Ind. App. 573. (4) The Probate Court is a court of record. Sec. 34, art. 6, Const. of Mo.; Redmond v. Railroad, 225 Mo. 721; Macey v Stark, 116 Mo. 494; Eckerle v. Wood, 95 Mo. App. 386. (5) The above mentioned amendment to the Constitution is self-enforcing, and such being the case, it necessarily applies to all cases where juries are required in Missouri, whether they be required by common law, by Constitution or by statute. Sharp v. Nat. Biscuit Co., 179 Mo. 553.

FERRISS, J.—This is an original proceeding by *certiorari* to review proceedings in the probate court of the city of St. Louis, wherein the relator was adjuged insane upon a verdict concurred in by ten of the twelve jurors, the remaining two jurors expressly refusing to concur.

The only question presented to this court is whether a verdict of a jury rendered in an insanity inquiry instituted under section 474, Revised Statutes 1909, must be unanimous, notwithstanding the amendatory clause in section 28, article 2, of our Constitution which provides that a three-fourths verdict will be sufficient "in a trial by jury in all civil cases."

It is contended by the relator (a) that the constitutional provision referred to applies only to cases wherein the right to a trial by jury existed at common law, and hence does not affect an insanity inquiry, wherein the right to a jury trial is given by statute on-

ly; (b) that insanity proceedings in the probate court are not civil cases in the sense intended by the Constitution, and are not, therefore, governed by the three-fourths rule.

I. Section 28, article 2, of our Constitution reads as follows: "The right of trial by jury, as heretofore enjoyed, shall remain inviolate; but a jury for the trial of criminal or civil cases in courts not of record may consist of less than twelve men, as may be prescribed by law; *and that a two-thirds majority of such number prescribed by law concurring may render a verdict in all civil cases; and that in the trial by jury of all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict.* Hereafter a grand jury shall consist of twelve men, any nine of whom concurring may find an indictment or a true bill; *Provided, however,* that no grand jury shall be convened except upon an order of a judge of a court having the power to try and determine felonies; but when so assembled such grand jury shall have power to investigate and return indictments for all character and grades of crime."

The heavy type indicates the amendment adopted November 6, 1900. The language of this amendment is clear, and must be taken to mean just what it says. There is no limitation expressed or implied. It applies to all civil cases wherein there was at the time of its adoption a right to a trial by jury, whether the right was given by common law or by statute.

Counsel argues that this section of the Constitution applies only to the right of trial by jury given by the common law. Why this limitation? The Constitution says "the right of trial by jury as heretofore enjoyed," etc. Does the word "heretofore" apply only to common law juries? We think not. "Heretofore" means before and up to the time the Constitution was adopted. So far as insanity proceedings are

concerned, this right to a jury trial had existed at least fifty years before, and up to, the adoption of the present Constitution.

SHERWOOD, J., speaking for this court in State v. Bockstruck, 136 Mo. l. c. 358, says of the right to a jury trial: "Whatever was the *status* of that right at the time of the adoption of the Constitution of 1875, was the status referred to in that instrument." In 6 Am. and Eng. Ency. Law (2 Ed.), 974, it is said: "The right is preserved in substance as it existed at the time of the adoption of the Constitution and in the class of cases to which it was then applicable."

In Whitehurst v. Coleen, 53 Ill. l. c. 251, the Supreme Court of Illinois, construing the constitutional provision, "the right of trial by jury shall remain inviolate," says: "A reasonable construction requires us to hold that the party should be entitled to a jury in all cases in which it was authorized at the time of the adoption of the organic law."

So the Georgia Supreme Court, in Harper v. Commissioners, 23 Ga. 566, construing the constitutional provision that "trial by jury as heretofore used in this State shall remain inviolate," held the party not entitled to a jury because "the case was one of a kind in which, at the time of the adoption of the Constitution, jury trial had not been 'used'."

To the same effect is the text in 2 Bish. Crim. Proc., sec. 892.

II. The Constitution, in the article referred to, treats of two classes of cases, criminal and civil, as including all jury cases. In the application of this provision, every jury case is either criminal or civil. This is apparent from the language used. The article provides: "The right of trial by jury, as heretofore enjoyed, shall remain inviolate, but a jury for the trial of *criminal* or *civil* cases in courts not of record may consist of less than twelve men." Then follows a pro-

State ex rel. v. Holtcamp.

vision applicable to courts of record, which says that in "all civil cases" three-fourths of the jury may find a verdict; evidently distinguishing civil cases as a class from criminal cases.

An inquiry of insanity is certainly not a criminal case. As between the two general classes, it is a civil case.

The relator in his brief makes a distinction between a "civil case" and a "civil action." We can perceive no reason for attempting to change the language of the Constitution. Whether such distinction between "case" and "action" exists is immaterial. We are dealing with civil cases.

In State ex rel. v. Riley, 203 Mo. 175, WOODSON, J., points out clearly the distinction between civil and criminal cases. He says: "It will be seen from an examination of these various definitions that the phrases 'civil case' and 'civil suit' refer to the legal means by which the rights and remedies of private individuals are enforced or protected, in contradistinction to the words 'criminal cases,' which refer to public wrongs and their punishment; and that the word 'case,' when construed alone, means the facts or state of facts which constitute the rights of the individual, or his cause of action, which the 'proceeding,' 'action' or 'suit' protects or enforces."

The insanity inquiry involves no question of public wrong. It is a proceeding to protect the private rights of the individual in his property and person. Such proceeding constitutes a civil case, and one within the constitutional amendment providing for a three-fourths verdict.

Accordingly, it is ordered that the writ be quashed. All concur, except *Graves, J.,* who dissents.