[No. 12491. Department One. April 29, 1915.]

EDWARD EBEN, *Respondent,* v. GEORGE HOUSER *et al.,*
*Appellants.*[1]

APPEAL—DECISIONS APPEALABLE—CESSATION OF CONTROVERSY. An
appeal from a temporary injunction, restraining the disposal of
shares of stock pending the action, will be dismissed on the ground
of cessation of the controversy, where subsequently the action was
dismissed pursuant to a stipulation of the parties who had agreed to
submit the matter to arbitration.

Appeal from an order of the superior court for Walla
Walla county, Mills, J., entered July 24, 1914, granting in-
junctive relief pending suit. Appeal dismissed.

*Brooks, Bartlett & Neal,* for appellants.

*John P. Rusk* and *Herbert C. Bryson,* for respondent.

PARKER, J.—The plaintiff commenced this action in the su-
perior court for Walla Walla county, seeking recovery of a
money judgment against the defendant George Houser, to
subject certain shares of stock in the Oregon Black Marble
Company to the payment thereof, and to enjoin the disposi-
tion of the stock by either of the defendants pending the ac-
tion. Upon preliminary hearing, the superior court entered
an order enjoining both defendants from disposing of the
stock pending the action. The defendants have appealed from
this injunctive order.

After the appeal was taken and before any judgment was
rendered upon the merits in the superior court, a stipulation
was entered into between the parties looking to the dismissal
of this case and the submission of their differences involved
therein to arbitration under Rem. & Bal. Code, §§ 420-430
(P. C. 81 §§ 705-725). In pursuance of this stipulation,
the superior court entered an order of dismissal as follows:

[1]Reported in 147 Pac. 1159.

"It is considered and ordered by the court that the above entitled cause be and it is hereby dismissed with costs to be taxed in accordance with the stipulation on file herein upon the award of the arbitrators; It is further ordered by the court that the bond for garnishment and the bond for costs furnished by plaintiff at the commencement of this action be and they are hereby released and discharged from all liability herein. And the writ of garnishment herein and the garnishee defendant be and it is hereby dismissed and discharged."

It is not claimed that the court committed error in entering this order. It is not sought to be corrected by appeal or otherwise.

Counsel for respondent now move to dismiss this appeal upon the ground that the controversy, in so far as it is involved in this case, has ceased. We are constrained to grant this motion. It is indeed difficult to see how the superior court could have more effectually put an end to this case. The stipulation looking to submission of the differences between the parties to arbitration may have resulted in a new case coming before the court upon the award of the arbitrators, but that is not a continuation of this case.

Some contention is made touching the sufficiency of the stipulation looking to arbitration, under Rem. & Bal. Code, §§ 420-430. We are not here concerned with the sufficiency of that stipulation as putting an end to this case, or as an initiatory step in a new case. The thing that controls us is the sweeping language of the order of dismissal of this case in the superior court. Whether that order was warranted by the arbitration stipulation or by any other fact before the superior court is of no moment to us. This is not an effort to revise the order of dismissal. It seems quite plain to us that there is not before us any existing controversy growing out of the case in the superior court from which this appeal was taken. We conclude that the appeal must be dismissed. It is so ordered.

MORRIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.