[No. 12634. Department Two. July 7, 1915.]

STANDARD FIRE INSURANCE COMPANY, OF HARTFORD, CONNECTICUT, *Appellant*, v. H. O. FISHBACK, *as Insurance Commissioner, Respondent.*[1]

APPEAL—DECISIONS REVIEWABLE—CESSATION OF CONTROVERSY—RE-PEAL OF ACT—MOOT QUESTION. In an action to enjoin threatened action by the insurance commissioner, where the only question involved is the constitutionality of provisions of an act which was amended pending the appeal by eliminating the provisions in question, the appeal will be dismissed as involving only a moot question; as it will not be presumed that the commissioner will longer enforce the eliminated provisions.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered February 4, 1914, dismissing an action for an injunction, upon sustaining a demurrer to the complaint. Appeal dismissed.

*Reynolds, Ballinger & Hutson*, for appellant.

*The Attorney General (L. L. Thompson*, of counsel), for respondent.

PER CURIAM.—The appellant seeks in this action to enjoin respondent from revoking its license to do business in this state. The lower court sustained a demurrer to the second amended complaint, and the appellant having elected to stand upon such complaint, a judgment of dismissal was entered. From such judgment, this appeal is prosecuted.

[1]Reported in 149 Pac. 945.

The only question involved is the constitutionality and proper construction of § 24 of the insurance code, relating to deposits of securities by foreign insurance companies. (Laws 1911, p. 188, § 24; 3 Rem. & Bal. Code, § 6059-24.) This section was considered in detail by this court in the case of *State ex rel. Leach v. Fishback*, 79 Wash. 290, 140 Pac. 387. While the appellant makes some contentions which were not then made, we find it unnecessary to consider these contentions for the reason that, since this case was submitted, § 24, *supra*, has been amended by § 5, ch. 177, Laws of 1915, p. 590. The threatened action of respondent, here sought to be enjoined, was based upon certain provisions of the statute which were eliminated by this amendment. Appellant does not contend that the enforcement of that portion of § 24 which was left unchanged by the amendment will interfere with its rights, and the court will not presume that the respondent will seek to revoke appellant's license upon grounds which are no longer in the statute. The only question in controversy has thus become moot.

The rule is well settled in this court that we will not consider cases where nothing but moot or abstract questions are involved. *Vollman v. Industrial Workers of the World*, 79 Wash. 192, 140 Pac. 337, and cases cited.

Following this practice, the appeal will be dismissed without prejudice to the rights of the appellant to bring another action, should defendant attempt to revoke its license upon unauthorized grounds. Neither party will recover costs.