[No. 21571. Department Two. March 25, 1929.]

*In re Welfare of* VAVA EASTMAN.
THE STATE OF WASHINGTON, *Respondent,* v. VAVA EASTMAN, *Appellant.*[1]

*Walter G. Kienstra,* for appellant.

*Ewing D. Colvin* and *Cordelia M. Thiel,* for respondent.

MAIN, J.—This is an appeal from an order denying a petition to vacate an order by which the petitioner was committed to the state custodial school as a feeble-minded person.

[1] Reported in 275 Pac. 724.

Vava Eastman, a young woman twenty-four years of age, was, after a hearing on March 21, 1928, found to be a feeble-minded person, and ordered committed to the state custodial school. April 4, 1928, she petitioned the court to vacate the order of commitment, claiming that there had been certain irregularities in the proceeding.

■ Section 4667, Rem. Comp. Stat., provides that adults under fifty years of age who may be determined to be feeble-minded, may be committed to the state custodial school ". . . upon pursuing the same course of legal commitment as governs admission to the hospitals for the insane. . . ." Rem. 1927 Sup., § 6930 defines the procedure necessary to the commitment of an insane person, and provides that such person may be sent to a hospital for the insane,

". . . upon the following conditions; namely, that at the time of and as a part of such proceedings, the court shall summon the guardian, if any, of such alleged insane person, also the relatives of such alleged insane person, to wit: husband or wife, parents, children or other interested persons to appear in court. If there be no guardian for such alleged insane person, the court shall appoint such guardian. . . ."

When the appellant was committed to the state custodial school, no guardian was appointed for her, and no notice of such proceeding was given to any of her relatives or friends. In this respect, the requirements of the statute were not complied with. In 14 R. C. L., p. 556, it is said:

"Where a statute prescribes a certain method of procedure to determine whether persons are insane, such inquiries must be conducted in the mode prescribed, and the statute regulating such proceedings must be followed strictly."

The appellant was entitled to have the statutory requirements followed, when she was found to be a

feeble-minded person and committed to the state custodial school.

The order appealed from will be reversed, and the cause remanded with direction to the superior court to vacate the order of commitment.

MITCHELL, C. J., PARKER, FRENCH, and MILLARD, JJ., concur.