[No. 29531.    *En Banc.*    July 5, 1945.]

*In the Matter of* WILLIAM C. ELLERN, *an Insane Person.*
WILLIAM C. ELLERN, *Appellant,* v. THE SUPERIOR COURT
FOR SPOKANE COUNTY, *Respondent.*[1]

[1]Reported in 160 P. (2d) 639.

*Harry H. Johnston* and *Berkey & Cowan,* for appellant.
*Leslie M. Carroll* and *Clarence P. Smith,* for respondent.

GRADY, J.—The petition of William C. Ellern prays that the judgment of the superior court of Washington for Spokane county entered March 20, 1944, adjudging him to be an insane person and directing his confinement in a hospital at American Lake, be vacated. The prosecuting attorney for Spokane county appeared by a demurrer to the petition. The grounds of the demurrer were that the petition did not state facts sufficient to constitute a cause of action, and that the action had not been commenced within the time limited by law. The court entered a general order sustaining the demurrer. The petitioner elected to stand upon his petition, refused to plead further, and an order was entered dismissing the petition. The petitioner has taken an appeal from the order of dismissal.

The respondent does not urge its plea of the statute of limitations in support of the order sustaining the demurrer. This could not be done successfully, as the petition was filed within one year from the time the judgment was entered and also from the time of the removal of the disability of petitioner, as provided by Rem. Rev. Stat., § 467 [P. P. C. § 71-7].

A copy of the commitment is attached to and made a part of the petition. In the commitment there are recitals to the effect that the petitioner was brought before the trial judge for examination on a charge of insanity and that no jury was demanded either by him or on his behalf. The material allegations of the petition, in so far as are necessary for a determination of the case, are that on February 15, 1944, the petitioner was taken into custody by reason of a complaint made against him by his wife, Bernice Ellern, charging him with being an insane person and dangerous to be at large; that his attorney made and filed a demand in writing that the question of his insanity be determined by a jury; that this demand was ignored by the trial judge; that he was not present when the hearing was had to determine his mental condition; that on July 11, 1944, he was declared by the superior court of Washington for Pierce county to be sane and not dangerous to be at large, and was discharged from custody.

The prayer of the petition is that the judgment of the superior court of Washington for Spokane county adjudging him to be an insane person, be vacated.

The theory of the petitioner is that the court was without jurisdiction to hear and determine the question of his insanity without a jury after a demand for a jury trial had been made. The case being before the court upon a demurrer, we must treat the allegation of the petition as true, even to the extent that it pleads facts disputing the recitals in the judgment of the court, as the petition makes a direct attack upon the judgment.

The respondent contends that the exclusive remedy available to appellant was to have taken an appeal to this court from the judgment, and that he cannot legally proceed to petition for a vacation of the judgment, its theory being that conducting the hearing after a demand for a jury had been made was merely an error of law reviewable only on appeal, and it was not intended that Rem. Rev. Stat., § 464 [P. P. C. § 71-1], providing for the vacation of judgments upon the grounds stated, should be used as a means for the court to

review or revise judgments, or to correct any errors of law into which the court may have fallen.

We have decided that errors of law cannot be corrected by petition to vacate the judgment when no fraud has been practiced upon the court. *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725; *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182; *Morgan v. Williams,* 77 Wash. 343, 137 Pac. 476; *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734.

One of the grounds for the vacation of a judgment provided by Rem. Rev. Stat., § 464 [P. P. C. § 71-1] (3), is: "For mistakes, neglect or omission of the clerk, or *irregularity in obtaining the judgment or order.*" (Italics ours.)

The question arises whether the action of the court in proceeding to determine the question of the insanity of appellant without a jury was an error of law or an irregularity.

A definition of what constitutes an error of law, which we think correct, was made by the court in the case of *Pratt v. Pratt,* 141 Cal. 247, 74 Pac. 742, as follows:

"An error of law is committed when the court, either upon motion of one of the parties or upon its own motion, makes some erroneous order or ruling on some question of law which is properly before it and within its jurisdiction to make."

Examples of error of law are: erroneous rulings on motions and demurrers directed to pleadings; rulings on qualifications of a juror or the admissibility of evidence; and other matters of like character made in the course of an action.

A definition of irregularity was adopted by this court in the case of *Merritt v. Graves,* 52 Wash. 57, 100 Pac. 164, as follows:

"An irregularity is defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner."

This definition finds approval in many cases to be found in 22 Words and Phrases (Perm. ed.) 654-656. It seems quite clear from these definitions that the court did

much more than commit a mere error of law. Proceeding to determine the question of insanity without a jury after one was demanded was an irregularity. This is made clear by what we decided in *In re Eastman*, 151 Wash. 321, 275 Pac. 724, in which we held that the commitment of a person to the state custodial school without appointing a guardian for such person and summoning the relatives as required by statute, was irregular and required a vacation of the commitment. In that case we adopted the rule set forth in 14 R. C. L. 556:

"Where a statute prescribes a certain method of procedure to determine whether persons are insane, such inquiries must be conducted in the mode prescribed, and the statute regulating such proceedings must be followed strictly."

We therefore hold that, although the appellant might have taken an appeal from the judgment adjudging him to be an insane person, this remedy was not exclusive and he had the right to proceed under Rem. Rev. Stat., § 464 [P. P. C. § 71-1], to have the judgment vacated.

It is provided by Rem. Rev. Stat., § 6930 [P. P. C. § 641-27], that a person charged with being insane shall have a hearing to decide upon the question of insanity before a jury if he or anyone in his behalf makes a demand for a jury. The appellant contends that the court was without jurisdiction to hear the complaint and adjudge him insane after he had made a demand for a jury, and, therefore, the judgment was void and must be vacated when application is made therefor; but we think that when the court proceeded to conduct the hearing without a jury it acted in excess of its jurisdiction rather than acting without jurisdiction, and that the judgment was not void, but was subject to direct attack pursuant to the statute.

When the constitution of this state was adopted, there was in effect chapter 110, § 1632 of the Code of 1881, and it provided that when the mental condition of a person was the subject of judicial inquiry, "such person or any person in his behalf may demand a jury to decide upon the question of his insanity."

Section 21 of Art. I of the constitution provides as follows: "The right of trial by jury shall remain inviolate, . . . "

■ The rule which we think is supported by the weight of authority is that whatever right may have been given to a trial by jury in proceedings to adjudicate insanity by a territorial statute, a constitutional guaranty that the right to trial by jury shall remain inviolate preserves such right to the extent given by the statute. *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39; *State v. Strasburg,* 60 Wash. 106, 110 Pac. 1020, Ann. Cas. 1912B, 917, 32 L. R. A. (N. S.) 1216; *In re Moynihan,* 332 Mo. 1022, 62 S. W. (2d) 410, 91 A. L. R. 74; *White v. White,* 108 Tex. 570, 196 S. W. 508, L. R. A. 1918A, 339; *State ex rel. Peper v. Holtcamp,* 235 Mo. 232, 138 S. W. 521; *Sporza v. German Sav. Bank,* 192 N. Y. 8, 84 N. E. 406.

■ The provision of Rem. Rev. Stat., § 6930 [P. P. C. § 641-27], relating to a hearing before a jury like the territorial statute, does not accord an absolute right, but it is qualified or conditional upon a demand being made for a jury trial. It is a right that can be waived and is waived unless a demand is timely made.

■ There is some seeming conflict of authority as to the effect upon a judgment rendered after a trial by the court in disregard of a demand properly made for a jury trial. The difference in viewpoint is whether the judgment is void for want of jurisdiction to render it, or whether the court acted in excess of its jurisdiction. An examination of the subject leads us to the conclusion that, when a complaint is filed charging that a person is insane and he is taken into custody, the court acquires jurisdiction of his person and the subject matter involved; but if the court conducts an insanity hearing without a jury when a proper demand has been made therefor, an adjudication of insanity is not void for want of jurisdiction, but the court has acted in excess of its jurisdiction and its judgment is irregularly obtained. We recognized this view in *John Hancock Mutual Life Ins. Co. v. Gooley,* 196 Wash. 357, 83 P. (2d) 221, 118 A. L. R. 1484, and, quoted 1 Freeman, Judgments, § 116, as follows:

" 'If a judgment is void, it must be from one or more of the following causes: (1) . Want of jurisdiction over the subject-matter; (2) Want of jurisdiction over the parties to the action, or some of them; or (3) Want of power to grant the relief contained in the judgment. In pronouncing judgments of the first and second classes, the court acts *without* jurisdiction, while in those of the third class it acts in excess of jurisdiction. If the want of jurisdiction over either the subject-matter or the person appears by the record, or *by any other admissible* evidence, there is no doubt that the judgment is void.' "

Notwithstanding the recitals in the judgment, the appellant was entitled to prove to the court that the hearing on the charge of his insanity was had without a jury after demand was made therefor, as he is making a direct and not a collateral attack on the judgment. The petition stated facts sufficient to show that the judgment was irregular in that the court acted in excess of its jurisdiction. It appeared upon the face of the petition that the proceedings were timely commenced. The demurrer should have been overruled.

The appellant has urged other grounds as affecting the validity of the judgment, but it is unnecessary to consider them in view of the conclusion we have reached. We decided in *Ajax v. Gregory,* 177 Wash. 465, 32 P. (2d) 560, that it was the settled policy of this court in disposing of cases presented to only decide the questions that were necessary to a decision of the particular case. This rule is applicable to the case now before us.

The judgment is reversed, and the case remanded to the superior court with instruction to enter an order overruling the demurrer to the petition.

BEALS, C. J., STEINERT, BLAKE, and MALLERY, JJ., concur.

SIMPSON, J. (dissenting)—The majority announces a rule which is contrary to every decision on the subject under consideration. The pertinent portions of the petition to vacate and set aside the judgment in the original case read:

"That on February 15, 1944, he was arrested by reason of a complaint made against him by his wife, Bernice Ellern, charging him with being an insane person and dangerous to be at large, and, by virtue of this court's process, was con-

fined in jail until March 20, 1944, when the proceedings were had in this case as shown by an exemplification of the record hereto attached and marked as exhibit 'A' and made a part of this petition.

"That on said March 20, 1944, a judgment of this court was had in which this court found your petitioner insane and directed his commitment to the Veterans Administration facilities Hospital at American Lake, Pierce County, Washington, where he was confined and deprived of his liberty until July 11, 1944, when as a result of a hearing had before the Superior Court of the State of Washington in and for Pierce County, he was found at that time to be sane and not dangerous to be at large and was discharged from further custody.

"That the said judgment of commitment was and is a void judgment and should be, by this Honorable Court, set aside and held for naught and the record purged thereof, for the following reasons, all of which are disclosed by the record in this cause, Exhibit 'A';  . . ."

Exhibit "A," upon which petitioner claims *contains all of the reasons* for vacating judgment, is as follows:

"In the Superior Court for Spokane County, STATE OF WASHINGTON. In the Matter of William C. Ellern, An Insane Person. No. 38733. COMPLAINT. STATE OF WASHINGTON, County of Spokane, ss. Bernice Ellern being duly sworn, on oath says, that there is in said county an insane person, whose name is William C. Ellern who, by reason of insanity, is unsafe to be at large; and affiant therefore asks that said person be arrested and taken before the Superior Judge, or Court Commissioner, within said county for examination. Bernice Ellern. Subscribed and sworn to before me this 15th day of February, 1944, Frank C. Nash, Deputy County Clerk. FILED FEB. 15, 1944. ROBT. A. WILSON, Clerk.

"COMMITMENT (Non Jury Trial). William C. Ellern, the person named in the foregoing affidavit, being this day brought before me, for examination on a charge of insanity, *and no jury having been demanded either by or on behalf of said person,* and having heard the testimony of Herbert H. Ellern & Bernice Ellern, witnesses who have been acquainted with the accused during the time of the alleged insanity; and Drs. Luger and Lewis, legally qualified and reputable physicians, after hearing the testimony of witnesses, and after a personal examination of the accused, having made the certificate by law required; and being my-

self satisfied that the said William C. Ellern is insane, and being further satisfied of the truth of all the matters set forth in the certificates of said physicians, I do hereby order that the said William C. Ellern be confined in the Veterans Adm. Facilities Hospital at American Lake, and the Department of Finance, Budget and Business is charged with the execution of this order. The said insane person first took up residence in the State of Washington on or about December 1, 1937, and (if of foreign birth) arrived in the United States ........................................, 1 ................, by ....................................... of .................................................... Line, through Port of ....................................

"The Court further finds that the said William C. Ellern served in the World War (strike out words inapplicable), in the following organization U. S. Navy, and enlisted on the 16th day of November, 1916, and was discharged from such service on the 5th day of February, 1920.

"Witness my hand this 20th day of March, 1944, CHAS. W. GREENOUGH, Superior Judge, Spokane County, Wash. FILED MAR. 20, 1944. ROBT. A. WILSON, Clerk. SPOKANE CO. NO. 111762, DEFTS. EXHIBIT No. 1." (Italics mine.)

The exhibit contains other pages. Those pages contain recitals of the evidence and the opinion of the doctors and are not material to a solution of the question presented.

My first objection is on an issue mentioned but not discussed by the majority. The question presented in this case is a moot or abstract one, for the reason that the petitioner, at a time prior to the filing of the petition to vacate, had been discharged from the hospital at American Lake and *declared to be sane* by a judgment entered by the superior court of Pierce county. At the time of the filing of the motion to set aside the judgment, petitioner had been relieved of the effect of the judgment against which he has moved. In other words, he had his liberty and could not be sent back to the hospital by force of the commitment known as exhibit A. This court will not consider on appeal questions which have become moot. *Hice v. Orr,* 16 Wash. 163, 47 Pac. 424; *State ex rel. Daniels v. Prosser,* 16 Wash. 608, 48 Pac. 262; *State ex rel. Scottish-American Mortgage Co. v. Meacham,* 17 Wash. 429, 50 Pac. 52; *Watson v. Merkle,* 21 Wash. 635, 59 Pac. 484; *Sether v. Clark,* 24 Wash. 16, 63 Pac. 1106; *State ex rel. Taylor v. Cummings,* 27 Wash. 316, 67

Pac. 565; *State ex rel. Land v. Christopher,* 32 Wash. 59, 72 Pac. 709; *Oudin & Bergman Co. v. Conlan,* 34 Wash. 216, 75 Pac. 798; *Miller v. Seattle,* 41 Wash. 599, 84 Pac. 583; *Kelso v. American Inv. & Imp. Co.,* 48 Wash. 5, 92 Pac. 673; *MacKay v. Dever,* 49 Wash. 439, 95 Pac. 860; *National Surety Co. v. Stephens,* 50 Wash. 397, 97 Pac. 449; *Konnerup v. Allen,* 56 Wash. 292, 105 Pac. 639; *Carr v. Montesano,* 76 Wash. 380, 136 Pac. 363; *Vollman v. Industrial Workers of the World,* 79 Wash. 192, 140 Pac. 337; *Barber Asphalt Paving Co. v. Hamilton,* 80 Wash. 51, 141 Pac. 199; *Eben v. Houser,* 85 Wash. 367, 147 Pac. 1159; *Standard Fire Ins. Co. v. Fishback,* 86 Wash. 225, 149 Pac. 945; *Imlay v. Tacoma,* 154 Wash. 162, 281 Pac. 487; *In re Brown,* 6 Wn. (2d) 215, 101 P. (2d) 1003, 107 P. (2d) 1104.

In several of the cases just cited, the court dismissed the appeals on its own motion because the questions presented had become moot. This court stated in the *Imlay* case:

"This action was instituted by the appellants in the case of *Tacoma v. Nyman, ante* p. 154, 281 Pac. 484, after the trial court had announced his decision in that case and before the entry of the decree. Conceiving that the holding of the trial court, to the effect that he was bound by the original findings and judgment which awarded $1,250 for the land taken, worked an injustice as to them, appellants in that case asked the court to withhold the entry of the decree to permit them to bring an independent action for the purpose of obtaining the vacation or modification of the original findings and decree. The trial court assenting, this action was thereupon instituted, resulting in a judgment denying any relief, and this appeal followed.

"We have already accorded appellants full relief in the preceding case, and nothing remains to be accomplished by reversing the judgment in this case and sending it back with instructions to modify a judgment which we have already modified.

"Our judgment in the preceding case settles the whole controversy, and therefore this action is dismissed without cost to either party."

In the last case cited, we stated, p. 237:

"If on appeal by one convicted of crime and sentenced to confinement in the penitentiary, an opinion affirming the judgment be filed, and if thereafter it should be sug-

gested to this court that the person sentenced had died after the filing of the opinion, but prior to the going down of the remittitur, the appeal would be dismissed by an order reciting the facts, as this court would not make the vain and useless gesture of entering a final judgment affirming the conviction of a dead man, and send down a remittur thereon."

Why overturn or, at least, ignore all of our decisions upon this subject?

It must be borne in mind that proceedings for the vacation of a judgment constitute a separate, independent action. *Roberts v. Shelton S. W. R. Co.*, 21 Wash. 427, 58 Pac. 576; *Morrison v. Morrison*, 25 Wash. 466, 65 Pac. 779; *Anderson v. Anderson*, 97 Wash. 202, 166 Pac. 60; *Peha's Univ. Food Shop v. Stimpson Corp.*, 177 Wash. 406, 31 P. (2d) 1023.

Exhibit A states that "no jury having been demanded either by or on behalf of said person" (William C. Ellern), the trial was had. That definite statement contained in the judgment is unassailable, and that is true whether this action be construed to be a direct or collateral attack upon the judgment.

Certainly, the majority would not contend that the superior court could secure jurisdiction in a civil case unless service of process was had upon defendants. Certainly, an attack upon the judgment for failure to serve summons would be an attack upon the jurisdiction of the superior court. Yet, in instances like the one present, this court has, in days gone by, held that a judgment which on its face states jurisdictional facts is impregnable to attack by a motion to vacate.

In *State v. Tenney*, 63 Wash. 486, 115 Pac. 1080, the defendant had been convicted of a crime and moved for vacation of the judgment upon two grounds, one of which was that the court was without jurisdiction to render the verdict. The trial court denied the motion, and an appeal was taken from the order denying the motion to this court. In passing upon the question presented, Judge Parker, speaking for this court, stated:

"It seems too clear to admit of argument to the contrary that this is not an appeal from the final judgment rendered upon the verdict; but is an attempted appeal from the order denying the motion to vacate the judgment. This court has held, in harmony with the rule elsewhere, that such an order is not appealable for the purpose of reviewing errors committed by the trial court affecting the correctness of the judgment sought to be vacated.

"In *Sound Investment Co. v. Fairhaven Land Co.*, 45 Wash. 262, 88 Pac. 198, this question was critically examined in the light of the court's previous decisions, where at page 263, the court said:

" 'It has been the uniform ruling of this court that a motion to vacate a judgment does not affect a substantial right, if the errors complained of are errors of law occurring at the trial; that such errors cannot be reviewed in a motion to vacate, and that, therefore, no substantial right could be invaded by a denial of the motion.'

"To permit an appeal from such an order would in effect enable a losing party to extend the statutory time for taking an appeal to review errors occurring in the cause in which the judgment is rendered.

"Counsel for appellant insist that since their motion to vacate the judgment is based *upon want of jurisdiction of the trial court* because of the unconstitutionality of the statute authorizing such a judgment, *there is something more involved in their appeal than a question of error in the rendition of the judgment.* We are not able to agree with this contention. In the case of *In re Newcomb*, 56 Wash. 395, 105 Pac. 1042, we held that the existence of the law under which the trial court rendered judgment was a question for the trial court to determine in the case, and that its decision upon that question could only be reviewed by appeal, since it involved nothing but a question of whether or not such decision was erroneous. That was a habeas corpus case; but as in this case, it was an attempt to review alleged errors in a cause leading up to and including the rendering of the final judgment therein otherwise than by an appeal from such judgment. We are not able to see that the question of the constitutionality of this law affects the question here involved any differently than would the question of the existence of the law." (Italics mine.)

The above case was cited in the leading case of *Peha's Univ. Food Shop v. Stimpson Corp.*, 177 Wash. 406, 31 P.

(2d) 1023. In that case, it appeared that the defendant had suffered judgment August 17, 1933, in the superior court, and then on August 22, 1933, attacked the judgment by motion to vacate and set aside

". . . for the reason that said pretended service of summons conferred in the above entitled court no jurisdiction as to this defendant, and the court had no jurisdiction to enter such judgment."

The trial court entered an order denying the motion, and the defendant appealed. (It will be noted that the proceedings in the *Peha's Food Store* case were exactly like the proceedings in the instant case.) In passing upon the issue presented, this court stated:

"The judgment in this cause was a final, appealable judgment, from which no appeal was taken. Appellant Stimpson Corporation may not successfully urge that the services of the summons and the writ of garnishment were insufficient, therefore the judgment based thereon is void. As to such a contention, we said in *State ex rel. Vincent v. Benson,* 21 Wash. 571, 58 Pac. 1066:

" 'In the present case it is not denied that the superior court has jurisdiction of the subject-matter of the action, and can render a valid judgment, so far as the property garnished is concerned, if the services of the summons and the writ of garnishment are sufficient. The objection is that the court erred in adjudging these services sufficient, when in law they are insufficient. But, conceding this to be true, it is an error occurring in the progress of the cause leading up to a final judgment, which may be reviewed on an appeal from such final judgment.'

"We have uniformly held that a motion to vacate a judgment does not affect a substantial right, if the errors complained of are errors of law occurring at the trial; that such errors can not be reviewed in a motion to vacate, and that, therefore, no substantial right could be invaded by a denial of the motion.

" 'In *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725, it was decided that error of law committed by the court could not be corrected by petition to vacate the judgment, when no fraud had been practiced upon the court, but that such error must be reached by appeal. This case was followed and the doctrine reiterated in *Greene v. Williams,* 13 Wash. 674, 43 Pac. 938, where it was said:

" ' "The right to the relief prayed for in said petition is based entirely upon the record, and it does not appear from an inspection of said petition that any reason existed for granting the same that was not considered by the court and which did not exist at the time when the previous order of the court denying the confirmation of the sheriff's sale was made. We think that the petition was wholly insufficient, under § 1393, Code Proc., which authorizes the court 'in which a judgment has been rendered, or by which or the judge of which a final order has been made, . . . to vacate and modify such judgment or order.' " To the same effect is *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363, and *State ex rel. Grady v. Lockhart*, 18 Wash. 531, 52 Pac. 315.

" 'In *Roberts v. Shelton, etc., R. Co.*, 21 Wash. 427, 58 Pac. 576, it was held that the motion to vacate and modify a judgment was in the nature of an independent action and that questions which have been passed upon by the court in the original proceeding could not be reviewed on a petition to vacate, and could only be reviewed on a regular appeal from a judgment. This exact question was before this court in *Kuhn v. Mason*, 24 Wash. 94, 64 Pac. 182, where it was held that Bal. Code, § 5153 (P. C., § 1033), which authorizes a court to vacate or modify its judgment after the term at which it was rendered, for irregularity in obtaining the judgment or order, does not contemplate that errors of law committed by the court may be corrected by motion to vacate, since the proper remedy in case of such errors is an appeal from the judgment; reaffirming the doctrine of *Dickson v. Matheson, supra,* and citing Black on Judgments, § 329, where the author says:

" ' "It is not intended to be used as a means for the court to review and revise its own final judgments, or to correct any errors of law into which it may have fallen. That a judgment is erroneous as a matter of law is ground for an appeal, writ of error, or certiorari, according to the case, but it is no ground for setting aside the judgment on motion.' " *Sound Investment Co. v. Fairhaven Land Co.*, 45 Wash. 262, 88 Pac. 198."

Then followed a quotation from the *Tenney* case, to which I have referred. This court then continued by saying:

"So far as appellant Stimpson Corporation is concerned, an inspection of the judgment does not disclose invalidity;

The recitals in a judgment of jurisdictional facts sufficient to give the court jurisdiction to pronounce the judgment, foreclose any question as to the jurisdiction of the court to render the judgment which was rendered.

"The judgment in the case at bar recites:

" '. . . the defendant, Stimpson Corporation having been duly and regularly served by publication of summons, proof of such service being on file , . . and that the court has jurisdiction over the property held by the garnishee defendant . . . '

"That is to say, the judgment itself recites jurisdiction, and the presumption of jurisdiction continues to obtain until overcome by an affirmative showing in the record, As argued by counsel for respondent:

" 'It is not sufficient to overcome it that there may be deficiencies or irregularities in the record which do not negative the jurisdiction.'

"In *Nolan v. Arnot*, 36 Wash. 101, 78 Pac. 463, we said:

" 'The judgment which was vacated recites in specific terms that the notice and summons in said suit was regularly and duly served on the defendant, as the law in such cases required, with the other findings sufficient to show jurisdiction in the court to render the judgment which was rendered. It has been the uniform holding of this court that the recitation in a judgment of jurisdictional facts, sufficient to give the court jurisdiction to pronounce the judgment, is proof of such jurisdiction. In *Ballard v. Way*, 34 Wash. 116, 74 Pac. 1067, it was held that, "where the judgment of a superior court recites, 'the notice and summons . . . was regularly and duly served on the . . . defendants as the law in such cases requires,' a presumption of jurisdiction of the person is raised, which is not overcome by the fact that the record otherwise shows no service of process, or by proof that defendant was a domestic corporation, whose officers were residents of the county, so that personal service would be requisite;" citing *Belles v. Miller*, 10 Wash. 259, 38 Pac. 1050; *State ex rel. State Ins. Co. v. Superior Court*, 14 Wash. 203, 44 Pac. 131; *State ex rel. Boyle v. Superior Court*, 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Kalb v. Germ. Sav. etc. Soc.*, 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757; and *Noerdlinger v. Huff*, 31 Wash. 360, 72 Pac. 73. It was said in that case that eminent authority had decided this question the other way, but that, in view of what this court deemed the weight of authority and the

better reasoning, such had been its uniform holdings, and with such holdings this court was satisfied to abide. The same doctrine was announced in *Taylor v. Huntington,* 34 Wash. 455, 75 Pac. 1104.

" 'The court, appearing by the recitals of the judgment to have had jurisdiction of the cause at the time of the trial sufficient to render the judgment which was rendered, we think erred in vacating the judgment.'

"If the court erred in adjudging the bond sufficient to support the two writs of garnishment, and also erroneously adjudged the service upon the Stimpson Corporation sufficient, such, if errors, were errors occurring in the cause leading up to a final judgment, and are reviewable on appeal only from the final judgment; not on an appeal from an order denying motion for vacation of the judgment. The conclusion that the court reached, in rendering judgment, that it had jurisdiction, is conclusive, in view of the fact that a motion to vacate is not a revisory or review proceeding."

From *Ex parte Williams,* 1 Wash. Terr. 240, to *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73, this court has had occasion to pass upon many applications for writs of *habeas corpus.* In all of those cases written on this subject where the jurisdiction of the trial court has been questioned, this court has adhered to the rule stated in *Voigt v. Mahoney,* 10 Wn. (2d) 157, 116 P. (2d) 300,

" . . . that a judgment by a court of competent jurisdiction, valid on its face, and a valid commitment thereunder, constitute an unanswerable return to a writ of *habeas corpus.*"

It seems too clear for argument that the attack upon the judgment made by petitioner in this case should not be entertained if we pay any attention to the rules laid down in our former opinions. The question is moot and should not be considered; but, if considered, it is plain that the only method by which petitioner can attack the judgment in this case is by appeal in the original case.

If the majority opinion prevails, it will open a new method of attack upon certain judgments in civil cases.

In *Walling v. Elbert,* 87 Wash. 489, 151 Pac. 1081, and *Washington Trust Co. v. Keyes,* 88 Wash. 287, 152 Pac.

1029, we have held that a trial court cannot grant a motion for judgment notwithstanding the verdict where there is a conflict in the evidence, *as to do so would invade the province of the jury as triers of the fact*. With that rule in mind, it becomes quite evident that in cases where the trial court grants a motion for judgment notwithstanding the verdict, the person against whom the judgment is entered may attack that judgment by a motion to vacate and set it aside instead of pursuing an appeal. An individual in such a case could successfully argue upon the basis of the majority opinion that the court had acted in excess of its jurisdiction and granting the judgment notwithstanding the verdict and that the motion to vacate would lie. It seems to me that we should not depart from our well-recognized rules as laid down in our many decisions on the questions presented in this case.

The majority opinion holds that the failure to impanel a jury in this case constituted an abuse of jurisdiction and that it was not simply an error of law on the part of the trial court. No authority, however, has been cited to sustain this contention.

In *Maxwell v. Stewart*, 89 U. S. 77, 22 L. Ed. 564, the supreme court of the United States had before it a case where it appeared that a jury had not been waived and a judgment had been entered after a trial to the court. The supreme court said:

"A trial by the court without the waiver of a jury is at most only error. A judgment after such a trial is not necessarily void. Mere errors cannot be set up as a defense to an action brought upon it."

The majority opinion states:

"There is some seeming conflict of authority as to the effect upon a judgment rendered after a trial by the court in disregard of a demand properly made for a jury trial. The difference in viewpoint is whether the judgment is void for want of jurisdiction to render it, or whether the court acted in excess of its jurisdiction. An examination of the subject leads us to the conclusion that, when a complaint is filed charging that a person is insane and he is taken into custody, the court acquires jurisdiction of his person

and the subject matter involved; but if the court conducts an insanity hearing without a jury when a proper demand has been made therefor an adjudication of insanity is not void for want of jurisdiction, but the court has acted in excess of its jurisdiction and its judgment is irregularly obtained."

The majority has not quoted any authority on either side of the question proposed, and after a diligent search I have been unable to find any authority other than the decision of the supreme court of the United States, to which I have called attention.

I cannot agree that the majority's view on the questions involved here is reflected in *John Hancock Mut. Life Ins. Co. v. Gooley*, 196 Wash. 357, 83 P. (2d) 221, 118 A. L. R. 1484. The principle stated in the cited case is entirely correct and proper, but it has absolutely no application to the questions under consideration.

As I have suggested, the questions presented by this appeal are moot because petitioner has been relieved of the charge of insanity and has been released from the hospital and declared to be sane; second, the question relative to the vacation of the judgment could not, under our decisions, be presented by a motion to vacate the judgment. That question could only be presented by an appeal in the original action. Third, in any event the failure of the court to impanel a jury, if it be conceded that one was demanded, was only an error of law and could not be complained of except upon appeal in the original action.

The trial court was entirely correct, and the judgment should be affirmed.

MILLARD, ROBINSON, and JEFFERS, JJ., concur with SIMPSON, J.