Argued March 11; reversed July 1, 1930

IN RE WELLS' ESTATE
WELLS v. ELLISON
(289 P. 511)

*Allen R. Joy* of Portland (B. O. Walker of Portland, on the brief) for appellant.

*Edwin G. Amme* of Portland for respondent.

COSHOW, C. J.    This cause is brought here upon an appeal from an order denying the petition of the above-named incompetent for an order made November 30, 1929, terminating and revoking the guardianship of Robert Ellison. The basis of the petition for canceling and revoking said letter of guardianship is that the order appointing said guardian was rendered without jurisdiction and is, therefore, void.   The petition was filed by the said Robert Ellison on the 22d day of May, 1929.   He is not related in any degree to the alleged incompetent.   Upon filing said petition an order was made by the judge of probate for Multnomah County requiring said incompetent to appear on the 24th day of May, 1929, at the hour of 10 a. m. of said day to show cause.    Said order was not served on the incompetent, but on the 24th day of May the alleged incompetent appeared and the court made the following order:

"In the Circuit Court of the State of Oregon
for the County of Multnomah
In Probate

"In the Matter of the Estate and
Guardianship of Viola Wells,
Incompetent.

No. 30852

"On reading and filing the petition, duly verified, of Robert Ellison praying that he be appointed guardian of the person and estate of Viola Wells, incompetent, and this matter coming on for hearing this 24th day of May, 1929, the said Petitioner Robert Ellison being present and said Viola Wells being present and the court having heard and considered the testimony offered

"On motion of Edwin G. Amme, Attorney for Petitioner, it is ordered, That Robert Ellison be, and he hereby is, appointed guardian of the person and estate

of the said Viola Wells, Incompetent, upon executing and filing a bond to the State of Oregon, in the sum of Thirty-five Thousand Dollars, conditioned according to law, with sufficient sureties, and approved by the Judge of this Court.

"Done at Portland, Multnomah County, Oregon, this 24th day of May, A. D. 1929.

GEORGE TAZWELL,
Circuit Judge."

■ The petition does not recite the names of the next of kin of said incompetent. No guardian ad litem was appointed to protect said incompetent at the hearing ordered. The statute controlling the procedure under examination requires "notice to be given to the supposed insane person of the time and place appointed for hearing the case, not less than *ten days before the time so appointed*": Or. L., § 1320. The court having found that the above-named Viola Wells was incompetent, it follows that she could not consent to enter an appearance nor could she waive the necessary formality prescribed by statute. No principle of law is better established than that a court has no power to adjudicate a matter until jurisdiction of the cause and person has been acquired.

■■ There is no claim that the trial court did not have jurisdiction over probate matters; that is, over the instant cause. The contention is that it did not have jurisdiction over the person of the alleged incompetent. One of sound mind may waive personal service, but one of unsound mind cannot waive personal service. The court, never having acquired jurisdiction of the person of the alleged incompetent, could not render or enter a valid order adjudging her an incompetent or appointing a guardian over her person or estate: *May v. Roberts,* infra page 643 (286 P. 546).

■ If there is any class·of cases which should be conducted with the utmost care to observe all of the requirements of the statute it is the cases conducted for the purpose of determining the sanity of a citizen. We do not have a case here of one who has been declared of unsound mind previous to the appointment of a guardian, but one presumably sane brought into court without process within 48 hours after a petition had been filed in the face of the statute requiring that *not less than ten days* must intervene between the order requiring the alleged incompetent to appear and the hearing conducted in accordance with the petition. In the record there are charges of misconduct by the petitioner, his attorney, and an attorney formerly acting for the alleged incompetent. We think it proper that an order should be made in accordance with the statute, and a hearing conducted for ascertaining the truth as to the ·competency or incompetency of the said Viola Wells to manage her own affairs.

■ For that reason the order refusing to cancel and revoke the order made May 24, 1929, is reversed and the cause is remanded to the probate court for Multnomah county with directions to properly serve said Viola Wells. In case some one capable of representing her does not appear for her, then the court should appoint a suitable disinterested person guardian ad litem so that a trial with evidence taken and reduced to writing may be conducted properly. It is so ordered.

BELT, BEAN and BROWN, JJ., concur.