## McFarland v. Commonwealth.

(Decided May 12, 1933.)

L. O. SILER, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellant, Ancil McFarland, brought this action in the Whitley circuit court to have declared void what purported to be a judgment of that court declaring him to be a person of unsound mind. He averred in his petition that the judgment was void for the reason that the provisions of the statutes governing the procedure in inquests concerning insanity had not been complied with and especially the provisions of sections 216aa-69, 216aa-70, and 216aa-72. A copy of the record of the inquest was filed with the petition. The circuit court sustained a demurrer to the petition, and from the judgment dismissing it McFarland has appealed.

The record discloses that the petition for the trial and commitment of appellant was filed on October 8, 1930, and the judgment declaring him to be a person of unsound mind was entered on the same day. No one signed the petition and the judgment was never signed by the judge who presided at the inquest. No summons was issued or served as required by section 216aa-72. It appears that practically all of the essential statutory requirements were ignored, but we need notice only the failure to serve notice of the proceeding on the defendant or any of the persons specified in section 216aa-72 of the Statutes, which reads:

"All persons named in the petition, including the alleged feebleminded person, epileptic, insane person or idiot, if of legal age, shall be notified of such proceeding by a summons issued requiring the parent or parents, guardian or other person having the custody, control or supervision of such person or with whom such person may be, to appear with such person at a time and place to be stated in the summons, which time shall not be less than three (3) days after service. The parents of such person, if living, if their residence be known to the petitioner, or the legal guardian, if one there be, and his residence is known to the petitioner, or if there be neither parent or guardian whose residence is known to the petitioner, then some near relative, if his or her residence be known to the petitioner, shall be notified also of the proceedings."

Statutory requirements in lunacy inquests must be strictly complied with or the judgment declaring the defendant to be a person of unsound mind will be void. Menifee v. Ends, 97 Ky. 388, 30 S. W. 881, 17 Ky. Law Rep. 280; Stewart v. Taylor, 111 Ky. 247, 63 S. W. 783, 23 Ky. Law Rep. 577; Taylor v. Moore, 112 Ky. 330, 65 S. W. 612, 23 Ky. Law Rep. 1572; Turpin's Administrator v. Stringer, 228 Ky. 32, 14 S. W. (2d) 189. Our statute provides that notice must be given not only to the alleged insane person but also to the parent or parents, guardian, or other person having the control, custody, or supervision of such person.

The record does not show that the defendant was present during the inquest. The most sacred rights of the individual are involved in lunacy proceedings—his

130

freedom of person and his right to control his property —and for this reason the Legislature has provided certain safeguards for his protection. Our statute on the subject prescribes a certain method of procedure to determine whether persons are insane and it must be followed strictly. The inquest in the instant case was not conducted in the mode prescribed but, on the contrary, substantially every requirement of the statute was ignored, and it follows that the judgment declaring appellant to be a person of unsound mind was and is void.

The judgment is reversed, with directions to overrule the demurrer to the petition.