Benjamin H. THOEMING, Petitioner,

v.

DISTRICT COURT OF the SIXTH JUDI-
CIAL DISTRICT, State of Wyoming, Hon-
orable R. M. Guthrie, as Judge of Said
Court, and Virginia Magee, Respondents.
No. 3170.

Supreme Court of Wyoming.
March 12, 1963.

Raymond B. Whitaker and Jerry A.
Yaap, Casper, for petitioner.

Richard S. Dumbrill and Chester S. Jones,
of Jones & Dumbrill, Newcastle, for re-
spondents.

Before PARKER, C. J., and HARNS-
BERGER, McINTYRE and GRAY, JJ.

PER CURIAM.

This is an original action in this court for
a writ of prohibition against the District
Court of the Sixth Judicial District, the
judge thereof, and a person appointed as
guardian by that court.

On July 3, 1962, Virginia Magee, pur-
porting to act under the authority of § 3–2,
W.S.1957, filed in the District Court of the
Sixth Judicial District for the County of
Weston a petition seeking to be appointed
as guardian of the person and estate of her
father, Benjamin H. Thoeming, 79, alleged-
ly an incompetent, a resident and property
owner in said county, temporarily in a Cas-
per hospital. The court issued an order
appointing a hearing on the petition ten
days hence and providing for personal serv-
ice on Thoeming. The order was served on
him while he was in a Casper hospital. Ac-
cording to the files of the guardianship case,
an order was entered by the court on July
13, appointing Virginia Magee as guardian
of the person and estate of Benjamin H.
Thoeming. This order contains nothing
regarding a finding of Thoeming to be an
incompetent, although the file contains two
signed, unsworn statements by doctors,
stating that he was such. Subsequently a
motion by Thoeming's attorneys to vacate
the order was denied. In a separate pro-
ceeding for habeas corpus the District
Court of the Seventh Judicial District for
Natrona County ordered the discharge of
Thoeming from the custody and control of
Virginia Magee.

The basic question in the matter before us is the jurisdiction of the district court to enter the order for the guardianship of the person and estate of Thoeming. Although several matters pertaining thereto are argued, the case turns upon the authority of the district court to proceed under the provision of § 3-2, W.S.1957, with the appointment of a guardian for an adult person who had not been legally adjudged an incompetent or insane person under the provisions contained in §§ 25-1 to 25-13, W.S.1957, relating to insane persons. It is conceded by the respondents that there was no hearing regarding incompetency by a lunacy commission or jury and that there was no direct finding concerning the matter. It is the contention of respondents that the guardianship proceeding in district court was not adversary in nature, was taken solely for the protection of Thoeming who was not insane but incompetent, and that guardianship statutes must of necessity be summary in nature and have flexibility. Such position is entirely without merit. It is elementary that proceedings for adjudication of insanity or mental incompetency are required to be in strict compliance with statutory requirements. Hultquist v. People, 77 Colo. 310, 236 P. 995; State ex rel. Leonidas v. Larson, 109 Mont. 70, 92 P.2d 774. In the absence of such compliance a judgment declaring a person to be of unsound mind is void. McFarland v. Commonwealth, 249 Ky. 128, 60 S.W.2d 360; Ex parte McLaughlin, Mo.App., 105 S.W.2d 1020; In re Ellern, 23 Wash.2d 219, 160 P.2d 639; 44 C.J.S. Insane Persons § 14. One court in this area has well expressed the rule in saying, "If there is any class of cases which should be conducted with the utmost care to observe all of the requirements of the statute, it is the cases conducted for the purpose of determining the sanity of a citizen. * * *" (In re Wells' Estate, 133 Or. 155, 289 P. 511, 512.) The statute under which the district court acted, § 3-2, W.S.1957, reads:

"The district court of each county, or the judge thereof, when it appears necessary, may appoint guardians for the persons and estates, or either of them, of minors, incompetents or insane persons, who have no legally appointed guardian * * *."

In its genesis (Laws 1890-1891, ch. 70, art. 21, § 1), the statute dealt only with minors. The revision contained in S.L. of Wyoming, 1931, ch. 73, § 145, added "incompetents or insane persons" to the category, but provided no means for adjudicating them to be such. Accordingly, we look to Title 25 of W.S.1957 for procedure. In that connection we observe that one of the definitions of an insane person under § 25-2, W.S.1957, is "a person of unsound mind and incapable of managing his own affairs." The procedure for determining that a person is insane or mentally incompetent is definite and clear. It requires a finding either by a lunacy commission or by a jury and that only after various steps have been taken. Any attempt to adjudicate a person as an "incompetent" without compliance with the statutes contained in this chapter would be a deprivation of due process. Since there had been no adjudication of Thoeming's incompetence on July 13, 1962, the district court was without jurisdiction to appoint a guardian for him and such purported order is void.

The District Court of the Sixth Judicial District and the judge thereof is prohibited and restrained from taking any further proceedings to effectuate the order appointing Virginia Magee as guardian of Benjamin H. Thoeming and is directed to vacate such order and take any and all necessary steps to effectuate the views expressed herein.

Writ allowed.