**In the Interest of AM.**

**AM, Appellant (Respondent),**

v.

**The STATE of Wyoming, Appellee (Petitioner).**

**No. C–84–5.**

Supreme Court of Wyoming.

Feb. 1, 1985.

Steven R. Czoschke, of Sheehan, Stevens & Sansonetti, Gillette, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Sylvia Lee Hackl, Asst. Atty. Gen., and Patrick M. O'Connell, Deputy Campbell County Atty., for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

PER CURIAM.

An application for involuntary hospitalization of appellant was filed in this case on October 1, 1984. At the time the application was filed, appellant was being held in emergency detention at the Campbell County Memorial Hospital. Counsel was appointed to represent appellant by order of the court dated October 1, 1984, and a preliminary hearing was set for October 2, 1984 at 2:00 p.m. The parties appeared, and the court announced it would treat the preliminary hearing as a hearing on the involuntary hospitalization application. Appellant's counsel objected to the proceeding. The hearing was conducted and, at the conclusion, the court found appellant to be mentally ill and ordered that he be involuntarily hospitalized in the Wyoming State Mental Hospital in Evanston, Wyoming.

This court, in *Thoeming v. District Court of the Sixth Judicial District,* Wyo., 379 P.2d 543, 544 (1963), stated:

"Any attempt to adjudicate a person as an 'incompetent' without compliance with the statutes contained in this chapter would be a deprivation of due process;" and

"[i]t is elementary that proceedings for adjudication of insanity or mental incompetency are required to be in strict compliance with statutory requirements. In the absence of such compliance a judgment declaring a person to be of unsound mind is void." (Citation omitted.)

Section 25–10–109(h) and (k), W.S.1977, provide in pertinent parts:

"(h) When a person is detained in emergency detention and an application for involuntary hospitalization is filed, the court shall appoint an attorney to represent the detained person * * * and the court shall conduct a hearing within thirty-six (36) hours, excluding Saturdays, Sundays and holidays, of the initial detention to determine whether continued detention is required pending involuntary hospitalization proceedings.

\* \* \* \* \* \*

"(k) The court shall determine by a preponderance of the evidence whether the emergency situation which led to detention of the person still exists."

In the event the court determines that the emergency situation still exists, the court may order continued detention not to exceed ten days. Provision is then made for a hearing upon the application for involuntary hospitalization in accordance with § 25–10–110, W.S.1977.

The hearing required within thirty-six hours to determine the necessity of continued detention was never held. The hearing upon the application for involuntary hospitalization was not in accordance with the requirements of § 25–10–110, W.S.1977. The trial court's finding that appellant was "mentally ill" and its subsequent order for involuntary hospitalization is, therefore, reversed and this case remanded for further proceedings consistent with this opinion.