NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2798
_____

PAUL ARCHER,

Appellant,

v.

CARIBBEAN AUTO MART, INC.

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 06-cv-088)
District Judge:  Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2010

Before:  SMITH, CHAGARES and JORDAN, *Circuit Judges*.

(Filed: May 11, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Paul Archer appeals from a November 21, 2008 order of the Appellate Division of

the District Court of the Virgin Islands of the United States (the "Appellate Division")

dismissing, *sua sponte*, Archer's appeal to that court from the Superior Court of the

Virgin Islands because his notice of appeal was filed four days late. For the following reasons, we will vacate and remand for proceedings consistent with this opinion.

## I.     Background

In 2002, Paul Archer was employed by Caribbean Auto Mart, Inc. ("CAM") as a sales associate. After CAM fired Archer, Archer filed a wrongful discharge action against CAM in the Superior Court of the Virgin Islands. CAM moved for summary judgment on January 24, 2005. The Superior Court granted that motion, and the clerk entered judgment against Archer on April 7, 2006. Archer appealed to the Appellate Division on May 12, 2006, 34 days after the entry of judgment.[1] In a sworn declaration, Archer's counsel explained that the notice of appeal was filed four days late because his legal assistant had mistakenly calculated the deadline from April 12, 2008, the day the

---

[1]On January 29, 2007, the Supreme Court of the Virgin Islands assumed the District Court's appellate jurisdiction. *See Hypolite v. People of the V.I.*, S. Ct. Crim. No. 2007-135, 2009 WL 152319, at *2 (V.I. Jan. 21, 2009) ("The Supreme Court officially assumed appellate jurisdiction over appeals from the Superior Court on January 29, 2007."); *see also Supreme Court of the United States Virgin Islands*, History of the Court, at http://www.visupremecourt.org/Know_Your_Court/History_of_the_Court/index.asp (last accessed Apr. 7, 2010). However, because Archer appealed from the Superior Court before the Supreme Court of the Virgin Islands had assumed jurisdiction, his appeal remains with the Appellate Division of the District Court. *See* 48 U.S.C. § 1613a(d) ("The establishment of the [Supreme Court of the Virgin Islands] shall not result in the loss of jurisdiction of the district court over any appeal then pending in it. The rulings of the district court on such appeals may be reviewed in the United States Court of Appeals for the Third Circuit and in the Supreme Court notwithstanding the establishment of the [Supreme Court].").

2

judgment was received by his office. After Archer's notice was filed and received, the Appellate Division issued a briefing schedule, and the parties fully briefed the appeal.

The Appellate Division dismissed the appeal *sua sponte*. According to the Appellate Division, because Archer's appeal was filed four days late, and given the strictures of Virgin Islands Rule of Appellate Procedure 5 ("V.I. Appellate Rule 5"), the Court lacked jurisdiction to consider it. V.I. Appellate Rule 5 provides that appeals from the Superior Court to the Appellate Division must be filed with the clerk of the Superior Court "within thirty days after the date of entry of the judgment or order appealed from[.]" V.I. R. APP. P. 5(a). Archer filed a timely notice of appeal to our Court.

## II. Discussion[2]

In *Bowles v. Russell*, the United States Supreme Court held that "the timely filing of a notice of appeal in a civil case [, governed by Federal Rule of Appellate Procedure 4,] is a jurisdictional requirement." 551 U.S. 205, 214 (2007). The Court grounded its holding in the fact that the "time limitation [in Rule 4] is set forth in a statute."[3] *Id.* at

___

[2]The District Court had jurisdiction pursuant to 48 U.S.C. § 1613a(a), which provides that "the District Court of the Virgin Islands shall have such appellate jurisdiction over the courts of the Virgin Islands established by local law to the extent now or hereafter prescribed by local law." We have jurisdiction under 48 U.S.C. § 1613a(c), which states that our circuit "shall have jurisdiction of appeals from all final decisions of the district court on appeal from the courts established by local law."
"The standard of review is plenary where the District Court dismisses for lack of subject matter jurisdiction." *Gould v. Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

[3]Federal Rule of Appellate Procedure 4 provides that, "[i]n a civil case ... the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order

210. The Court emphasized that it has "repeatedly held that this statute-based filing period for civil cases is jurisdictional." *Id.* at 212. However, the Court explicitly recognized "the jurisdictional distinction between court- promulgated rules" and rules like Federal Rule of Appellate Procedure 4, which, because it is based upon a statutorily-imposed time constraint, is a "limit[] enacted by Congress." *Id.* at 212-13.

Unlike Federal Rule of Appellate Procedure 4, the time limit contained in V.I. Appellate Rule 5 is not set forth in a statute. Rather, it is a rule promulgated by the District Court. *See* 4 V. I. CODE ANN. TIT. 4 § 33 (2004) ("The time within which an appeal must be taken, the manner of taking an appeal, and the procedure on appeal shall be prescribed by rules adopted by the district court."); *see also* 28 U.S.C. § 2071(a) ("The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business."); 48 U.S.C. § 1612(a) ("The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States.").

Because V.I. Appellate Rule 5 is not jurisdictional, it may be waived. *See Bowles*, 551 U.S. at 216 ("While a mandatory but nonjurisdictional [time] limit is enforceable at the insistence of a party claiming its benefit [], it may be waived ... . But if a limit is taken

---

appealed from is entered." FED. R. APP. P. 4(a)(1)(A). The thirty-day language contained in the rule is also found in the United States Code, which provides that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a).

4

to be jurisdictional, waiver becomes impossible ... .").  Here, CAM waived its defense that Archer's appeal was untimely, as the parties had fully briefed the appeal before the Court's *sua sponte* dismissal, and the Appellate Division's dismissal was based solely on that already-waived defense.

The Federal Rules of Civil Procedure affirmatively authorize *sua sponte* dismissal only for lack of subject matter jurisdiction, and not for a party's failure to raise a defense available to it, such as affirmative defenses.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." ).  As a result, courts have generally found it to be error when a Court dismisses a claim *sua sponte* based on a defense that has already been waived.  *See, e.g., Haskell v. Wash. Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) ("Since it is a waivable defense, it ordinarily is error for a district court to raise the issue *sua sponte*."); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) ("In the absence of any such statutory authority, it is inappropriate for the trial court to dispose of the case *sua sponte* on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner."); *Wagner v. Fawcett Publ'ns*, 307 F.2d 409, 412 (7th Cir. 1962) (holding that the district court "had no right to apply the statute of limitations sua sponte" because it had been "waived").

## III.    Conclusion

Accordingly, we hold that the Appellate Division erred in dismissing Archer's appeal *sua sponte*, based on lack of jurisdiction, since timeliness under V.I. Appellate Rule 5 is a waiveable defense and it was waived by CAM in the present case.[4]  We thus vacate and remand to the Appellate Division for proceedings consistent with this opinion.[5]

---

[4]A party might purposely waive a particular defense for strategic reasons.  *Cf. United States v. Konigsberg*, 336 F.2d 844, 851 (3d Cir. 1964) (discussing how "an accused represented by counsel [may] waive[] a right for strategic purposes").  In those situations, were a court to dispose of a claim *sua sponte* based on a waiveable defense, it would be intervening after a party had been faced with a choice about whether to raise a defense and had already exercised its choice not to do so.

[5]We vacate rather than reverse because, on remand, the Appellate Division may conclude that Archer's four-day delay in filing was inexcusable, under the doctrine of excusable neglect.  *See Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993) (establishing a four-part balancing test for determining whether neglect is excusable, examining "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").  We emphasize, however, that we imply nothing as to whether Archer's neglect is excusable or not.